IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS DAVIS, | ) | |
| | ) | No.  08 C 37 |
| Plaintiff, | ) | |
| | ) | Hon. Milton I. Shadur |
| v. | ) | Judge Presiding |
| | ) | |
| M. WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendants, by and through their attorney LISA MADIGAN, Attorney General of the State of Illinois, and for their Answer to Plaintiff's Complaint state the following:

## JURISDICTION

1. This action is brought for violation of the Constitution and laws of the United States and the laws the State of Illinois, and this Court has jurisdiction under Title 28 U.S.C. §§1331, 1343, and 1367.

**ANSWER:** **Defendant Williams admits the allegations in paragraph 1 of Plaintiff's complaint.**

## VENUE

2. Venue properly lies in the Northern District of Illinois, in that the events giving rise to the claims occurred in Kane County, Illinois.

**ANSWER:** **Defendant Williams admits the allegations in paragraph 2 of Plaintiff's complaint.**

## PARTIES

3.  Defendant Correctional Officer M. Williams (hereinafter "defendant Williams") is, and at all times relevant hereto was, a correctional officer employed by the Illinois Department of Juvenile Justice.

**ANSWER:** **Defendant Williams admits the allegations in paragraph 3 of Plaintiff's complaint.**

4.  Plaintiff Travis Davis (hereinafter "Travis") is, and at all times relevant hereto was, a citizen of the United States and resident of the State of Illinois.

**ANSWER:** **Defendant Williams admits the allegations in paragraph 4 of Plaintiff's complaint.**

## UNDERLYING FACTS

5.  On or about July 25, 2006, Travis was in the custody of the Illinois Department of Juvenile Justice at the Illinois Youth Center, St. Charles, located in St. Charles, Kane County, Illinois.

**ANSWER:** **Defendant Williams admits the allegations in paragraph 5 of Plaintiff's complaint.**

6.  Defendant Williams, whose nick-name is Cat Daddy, was on duty at the Illinois Youth Center, St. Charles.

**ANSWER:** **Defendant Williams denies that his nick name is Cat Daddy. Defendant Williams admits that he was on duty at the Illinois Youth Center, St. Charles from 6am to 2pm on July 25, 2006.**

7. An incident occurred in the dining room between Travis and another boy. Officer Williams intervened. In doing so he picked up Travis and threw him to the ground face first, breaking Travis' jaw in the process, thereby utilizing force far in excess of any justified under the circumstances. Travis had not threatened or attacked Officer Williams in any way.

**ANSWER:** **Defendant Williams admits that an incident occurred in the dining room between Travis and another boy. Defendant Williams admits that he intervened. Defendant Williams denies that he picked up Travis and threw him to the ground face first, breaking his jaw in the process, thereby utilizing force far in excess of any justified under the circumstances. Defendant Williams admits the Plaintiff's jaw was broken. Defendant Williams admits that Travis had not threatened or attacked Officer Williams in any way.**

8. The actions of defendant Williams in causing injury to Travis were willful and wanton and were taken with evil intent and callous indifference to the rights of Travis.

**ANSWER:** **Defendant Williams denies the allegations in paragraph 8 of Plaintiff's complaint.**

### COUNT ONE

### FEDERAL CIVIL RIGHTS VIOLATION

9. In injuring plaintiff Travis Davis without lawful justification, defendant Williams violated Travis' right to be free from excessive force under the Eighth Amendment to the Constitution of the United States, as applied to the States through the Fourteenth Amendment.

**ANSWER:** **Defendant Williams denies the allegations in paragraph 9 of Plaintiff's complaint.**

10. Travis experienced physical injury, pain and suffering, fright, and emotional distress as a direct and proximate result of the actions of the defendant, as set forth above.

**ANSWER:** **Defendant Williams denies the allegations in paragraph 10 of Plaintiff's complaint.**

11. Subsequent to the incident, Travis exhausted his available administrative remedies.

**ANSWER:** **Defendant Williams is without knowledge or information sufficient to form a belief as to the averments in paragraph 11 of Plaintiff's complaint.**

WHEREFORE plaintiff Travis Davis prays that this Court:

A. Find defendant Williams guilty of and liable for the violation of plaintiff's rights under the Eighth Amendment, in contravention of Title 42, United States Code, Section 1983;

**ANSWER:** **Defendant denies that he should be found guilty of and liable for the violation of Plaintiff's rights under the Eight Amendment, in contravention of Title 42, United States Code, Section 1983**

B. Enter a judgment in a plaintiff's favor and against the defendant Williams, and award plaintiff:

    I. Compensatory damages as shall be proven at trial;
    ii. Punitive damages as shall be proven at trial;
    iii. Plaintiff's attorney' fees herein pursuant to Title 42, U.S.C. §1988;
    iv. Plaintiff's costs herein; and
    v. Such further relief as the Court deems just and proper.

**ANSWER:** **Defendant denies that Plaintiff is entitled to the relief requested or any relief**

**whatsoever.**

### General Denial

Defendant Williams denies each and every allegation not specifically admitted herein.

### Affirmative Defenses

1. At all times relevant herein, the Defendant to this Cause of Action acted in good faith and in furtherance of his official duties and lawful objectives without intent to deprive the Plaintiff of any clearly established constitutional rights.

### Jury Demand

Defendant Williams requests a trial by jury on all issues so triable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:    s/Camile Lindsay
CAMILE LINDSAY
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-4329