IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS DAVIS, | ) | |
| | ) | No. 08 C 37 |
| Plaintiff, | ) | |
| | ) | The Hon. Milton I. Shadur |
| v. | ) | Judge Presiding |
| | ) | |
| M. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER

This matter coming to be heard on the parties' Motion for Entry of Protective Order ("Order"), the Court and all parties being fully advised in the same, and good cause having been shown, IT IS HEREBY ORDERED:

1. Prior to or at the time of production of any documents or other tangible items other than videotapes and photographs ("Documents"), Defendants shall indicate which Documents shall be designated as confidential ("Confidential") [and all copies of any produced shall be so marked]. Defendants may designate as Confidential, among other things, documents that are deemed in good faith to contain information that may compromise safety or security, or information that is confidential under state or federal law, or internal Illinois Department of Corrections ("Department") security practices and procedures. Defendants may also designate as Confidential discovery material furnished in the form of responses to interrogatories or requests to admit at the time of service of any such answers or responses, or within a reasonable time after the entry of this Order. Nothing in this agreed order shall be construed to prevent Defendants from not producing documents that are deemed in good faith to contain privileged information.

2. Defendants' counsel may redact any portions of Documents that contain personal information including home addresses, telephone numbers, social security numbers, dates of birth, medical records, and mental health records, of any person, including but not limited to present inmates, former inmates, alleged offenders named in police reports, Department employees, family members of employees or inmates, volunteers, and victims unless the information is directly relevant to the litigation.

3. Any Documents marked as Confidential and any videotapes or photographs produced in this matter, as well as the information contained therein (collectively "Confidential Material"), shall be disclosed or made available only to the following persons: (a) counsel of record or other licensed attorneys participating in the litigation;(b) personnel[1] who are specifically assisting in this litigation; and (c) outside consultants or experts specifically retained by counsel to perform investigative work, advise counsel or otherwise assist in this litigation, provided that such individuals are not current or former inmates of the Department.

4. No filing under seal, or any other designation as a restricted document, is to be permitted without previously-obtained court approval.

5. Persons designated in paragraph 3 shall not use[2], disclose or disseminate any Confidential Material other than for purposes directly related to this litigation, including but not limited to communications between counsel and their clients, and shall not disclose or

---

[1] Personnel shall include paralegals, clerks, clerical and other paid legal support staff; law students, and other legal aid clinic workers. Personnel shall under no circumstances be deemed to include any current or former inmates of the Department.

[2] Throughout this Order, the term "use" shall include verbal and written descriptions, recitations, and/or references to the contents of any of the specified documents, materials or information contained therein.

disseminate Confidential Material to any others, without prior written permission of Defendants or by order of the court. Persons to whom Confidential Material is revealed shall be subject to the jurisdiction of the court for purposes of enforcement or a violation of this Order. Such persons shall be subject to such relief as is deemed appropriate by the court, including sanctions.

6.   A person designated in 3(b) or (c) shall not have access to any Confidential Material until he or she has read a copy of this Order and has indicated in writing that he or she has read a copy of this Order, agrees to be bound by it and to be thereby subject to the court's jurisdiction. Copies of all such agreements shall be made available to Defendants' counsel upon request.

7.   Defendants may also designate as Confidential discovery material furnished in the form of testimony either prior to, or at the time, any such testimony is taken, or within 30 days after the receipt of the transcript.

8.   In the event any Confidential Material is used in any proceeding herein prior to the trial of this matter, it shall not lose its Confidential status through such use and the parties shall take all steps reasonably required to protect such confidentiality.

9.   All Confidential Material shall be kept safely and securely within full custody of counsel or others entitled to access thereto pursuant to this Order. Additional copies of any Confidential Material may be prepared under supervision of counsel and shall be treated as Confidential and maintained securely. Any documents prepared by counsel or their personnel referring to or quoting from Confidential Material shall also be treated as Confidential and maintained securely.

10.   Maintenance of the Confidential status of any such Confidential Material shall be

subject to further order of this court and nothing herein shall preclude any party from applying to the court for modification of this Order. The parties reserve the right to make application to the court upon not less than five days' notice to seek permission to modify the provisions of this Order. Counsel shall first seek to resolve by agreement, and without involvement of the court, any disputes regarding confidential designations.

11. After this case is closed in the District Court, the parties may obtain the return of any previously sealed or previously restricted documents by a motion filed within 60 days after the case is closed. Any documents that are not so withdrawn will become part of the public case file.

12. This protective order may be amended by agreement of the parties without requiring court approval, however, this power of amendment does not extend to subjects covered in paragraphs 4 and 11.

AGREED AS TO FORM AND SUBSTANCE:

/John M. Beal
JOHN M. BEAL
Counsel for Plaintiff Travis Davis
53 West Jackson Blvd. 1108
Chicago, Illinois 60604

/Camile Lindsay
CAMILE J. LINDSAY
Counsel for Defendant M. Williams
Office of the Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601

IT IS SO ORDERED.

Entered: _____
HON. MILTON I. SHADUR

Date: _____